WALLACE C. DOOLITTLE, ESQ. (SBN 158116)
JAMES P. DOWNS, ESQ. (SBN 139489)
LAW OFFICES OF WALLACE C. DOOLITTLE
1260 B Street, Suite 220
Hayward, CA  94541
Tel: (510) 888-0600
Fax: (510) 888-0606
E-mail: doolittlew@doolittlelaw.com

Attorneys for Plaintiff NORTH VIEW ESTATES, GP,
 a California General Partnership

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH VIEW ESTATES, GP, a General Partnership,<br><br>                    Plaintiff,<br><br>     v.<br><br>YREKA HOLDINGS, II, an Oregon Limited Partnership; CHRIS A. GALPIN, an individual; GREGG ADAMS, an individual; PREMIER WEST BANK, a business entity, form unknown; and DOES 1-50, inclusive,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:08-CV-02230-JAM-GGH<br><br>**STIPULATION AND ORDER TO FILE SUPPLEMENTAL COMPLAINT AND WITHDRAWING MOTION TO DISMISS COUNTERCLAIM**<br><br>Judge:  Hon. John A. Mendez<br>Courtroom: 6 |

     Plaintiff North View Estates, GP, a general partnership, and Defendants Yreka Holdings, II, LP, an Oregon limited partnership, Cris Galpin, and Gregg Adams ("Defendants") hereby agree and stipulate as follows:

     (1)     Plaintiff North View Estates shall be allowed to file a supplemental complaint attached hereto as Exhibit 1 to this stipulation and order;

     (2)     Defendants shall file an answer to the supplemental complaint within 20

PDF created with pdfFactory trial version www.pdffactory.com

days of the receipt of service.

  (3)  Plaintiff North View Estates hereby withdraws its Motion to Dismiss Defendants' Counterclaim for Failure to State a Claim upon Which Relief can be Granted ("Plaintiff's Motion").

  (4)  The hearing on Plaintiff's Motion set for July 29, 2009 at 9:00 am is vacated.

IT IS SO ORDERED.

Dated: July 13, 2009           /s/ John A. Mendez_____
                     Judge of the District Court

Dated: July 8, 2009          By: _____
                     Kirk E. Giberson
                     Gregory A. Forest
                     Attorneys for Defendants Yreka Holdings II, Cris Galpin and Gregg Adams

Dated: July 8, 2009          By: _____
                     Wallace C. Doolittle
                     James P. Downs
                     Attorneys for Plaintiff
                     North View Estates

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT 1

PDF created with pdfFactory trial version www.pdffactory.com

WALLACE C. DOOLITTLE (SBN158116)
JAMES P. DOWNS (SBN 139489)
LAW OFFICES OF WALLACE C. DOOLITTLE
1260 B Street, Suite 220
Hayward, CA 94541
Tel: (510) 888-0600
Fax: (510) 888-0606
E-mail: doolittlew@doolittlelaw.com

Attorneys for Plaintiff NORTH VIEW ESTATES, GP,
a California General Partnership

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH VIEW ESTATES, GP, a General Partnership,<br><br>           Plaintiff,<br><br>   v.<br><br>YREKA HOLDINGS, II, an Oregon Limited Partnership; CHRIS A. GALPIN, an individual; GREGG ADAMS, an individual; and DOES 1-50, inclusive,<br><br>           Defendants | Case No. 2:08-CV-02230-JAM-GGH<br><br>**SUPPLEMENTAL VERIFIED COMPLAINT FOR JUDICIAL FORECLOSURE; BREACH OF CONTRACT; DECLARATORY RELIEF; AND SPECIFIC PERFORMANCE** |

Plaintiff NORTH VIEW ESTATES, GP, a General Partnership, alleges, as its Supplemental Complaint against Defendants YREKA HOLDINGS, II, an Oregon Limited Partnership; CHRIS A. GALPIN, an individual; GREGG ADAMS, and DOES 1-50 inclusive, as follows:

<u>PARTIES</u>

1.     Plaintiff NORTH VIEW ESTATES, GP ("North View") is a General Partnership formed under the laws of the State of California.  North View was at all material times domiciled and maintained its principal place of business in the County of Siskiyou, State of California.

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff's partners are also citizens of and domiciled in the State of California.

2. Defendant YREKA HOLDINGS, II, ("Yreka Holdings") is and was at all material times a limited partnership organized and existing under the laws of the State of Oregon, with its headquarters in Medford Oregon. The real property at issue in this proceeding is located in Siskiyou County, State of California.

3. Plaintiff is informed and believes and thereon alleges that Defendant CHRIS A GALPIN ("Galpin") is and was at all material times an individual residing and domiciled in the State of Oregon. Plaintiff is informed and believes and thereon alleges that Defendant GREGG ADAMS ("Adams") is and was at all material times an individual residing and domiciled in the State of Oregon

4. This Court has jurisdiction of this matter by virtue of the diversity of citizenship of the parties. All defendants are citizens of Oregon. Plaintiff and its partners are citizens of California. Jurisdiction is conferred based upon 28 U.S.C. §1332. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §1391(a)(2), as the real property that is the subject of this action is located in Siskiyou County, California, which is in the Eastern District of California. Venue is further conferred in the Eastern District of California pursuant to 28 U.S.C. §1391(c) as defendants are subject to personal jurisdiction in this district and are doing business in this district. A further basis for venue in the Eastern District is 28 U.S.C. §1391(a)(2) as a substantial part of the events and/or omissions at issue in this litigation took place in the Eastern District.

5. Defendants DOES 1-50 are sued by such fictitious names because Plaintiff is ignorant of their true names and capacities. Plaintiff will amend this complaint when the same is ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including DOES 1-50 inclusive, are the agents, employees or co-conspirators with all the other defendants and were acting within the scope of said agency or employment or pursuant to said conspiracy.

PDF created with pdfFactory trial version www.pdffactory.com

FACTS/BACKGROUND

6. On August 26, 2002, Galpin and Adams on the one hand, and North View entered into a Purchase and Sale and Option Agreement (the "Purchase Agreement.") A true and correct copy of the Purchase Agreement is set forth as Exhibit A hereto. Pursuant to the Option Agreement, Galpin and Adams purchased a portion of the North View Estates subdivision, designated as "Phase Two."

7. The Purchase Agreement further granted Galpin and Adams the irrevocable and exclusive option to purchase the remaining property constituting the North View Estates subdivision.

8. Galpin and Adams exercised their rights under the option contained in the Purchase Agreement on October 20, 2004, and purchased the remaining property. The document memorializing said exercise of option and purchase was entitled the "Addendum." A true and correct copy of the Addendum is attached hereto as Exhibit B. Pursuant to the Addendum, Defendant YREKA HOLDINGS, II was substituted as the Buyer. The purchase price set forth in the Addendum was $2,660,000.00. Pursuant to the Addendum, the Buyer paid a down payment in the amount of $256,410.00. The balance of the purchase price – $2,403,590.00 – was to be paid pursuant to a Promissory Note ("Note 1"), secured by a Deed of Trust (the "North View Trust Deed.")

9. A true and correct copy of Note 1 is attached hereto as Exhibit C. The North View Trust Deed is attached hereto as Exhibit D.

10. The Addendum and Note 1 contain two additional contractual obligations, owed by Galpin and Adams, jointly and personally:

    a. An unconditional agreement to build roads within the subdivision "by April 30, 2007 or within twelve (12) months after the date of foreclosure, whichever occurs first." (the "Road Agreement"); and

PDF created with pdfFactory trial version www.pdffactory.com

      b.      An unconditional guaranty to pay for any and all costs of creating the necessary partitions to create separate parcels and/or any foreclosure, including, but not limited to, attorneys' fees, city fees, survey fees and governmental fees (the "Fee Guaranty.")

      11.      The Addendum did not purport to stand alone from the original Purchase Agreement. The Addendum is an amendment to the agreement to allow the Buyer to purchase the remaining units of the North View Estates. The Addendum served to convey title to entire parcel representing the entire North View Estates for which a final map had been previously recorded. Paragraph one of the Addendum states as follows: "This is an Addendum to the document entitled 'Purchase and Sale Agreement'." The Addendum did <u>not</u> purport to create further subdivisions. The Addendum incorporated the provisions contained in the original Purchase Agreement, including the Buyer's option to obtain final map approval before close of escrow.

      12.      By virtue of the Addendum, the Defendants became the owner of the entire North Estates property, and thereby eliminated any requirement that a final map be recorded for that parcel given that a final map had been previously approved and recorded for the entire North View Estates property.

      13.      Following the conveyance of title for the entire North View Estates pursuant to the Addendum, Siskiyou County Title Co. and Defendant Yreka Holdings devised a payment plan that involved a "reconveyance" of the property to the Defendants as "monetary units" in conjunction with incremental payments of $21,000.00 per acre. The Promissory Note executed by the parties, including the Defendants herein, specifically stated that it was <u>not</u> intended to create new parcels, as follows: "Both parties understand that the partial reconveyance of the promissory note and deed of trust on areas defined as units are of monetary value only and are not to be represented as creating a legal parcel."

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3

14.     On or about February 2, 2005, Defendant Cris Galpin on behalf of Defendant Yreka Holdings executed a Deed of Trust that contained an Exhibit "One" which contained a "Release Provision" which states in pertinent part as follows:

4
5
6
7
8
9
10
11
12

> Trustor and Beneficiary hereby agree that units and/or phases, designated by Trustor shall be released upon payment in the amount $21,000 per acre (pro rata for any partial acre to be released, i.e. 12.55 acres released shall be equal to a payment due of $263,550.00); the amounts so paid shall be credited to the principal balance of the note secured hereby. FURTHER, payment of the annual installments (or any other principal payment) shall be applied to the amount due for the release of any designated units and/or phases. The amount of property released shall be equal to the principal payment paid divided by the sum of $21,000.00 per acre (pro rata for any partial acre to be released as per the above example). Interest paid on the note secured hereby does not apply to the demands due for any Partial release issued. The legal descriptions and respective maps provided for each unit and/or phase to be released are attached hereto as Exhibit "B" and are incorporated by reference.

13
14
15
16

15.     Defendants' legal counsel drafted the Purchase Agreement, Addendum and Deeds of Trusts. Neither Plaintiff nor any legal counsel on its behalf were in any way involved in the drafting of the Purchase Agreement, Addendum and Deeds of Trusts involving the Defendants purchase of the North View Estates.

17
18
19
20

16.     On or about February 3, 2005, Siskiyou County Title Company recorded a "Partial Reconveyance" releasing Unit 4 of the North View Estates property. The recording of the partial reconveyance devised by the defendants and Siskiyou County Title Co. violated Government Code §66499.30 of the Subdivision Map Act.

21
22
23
24

17.     On or about October 21, 2005, Siskiyou County Title Company recorded a "Partial Reconveyance" releasing Unit 10 of the North View Estates subdivision. The recording of the partial reconveyance devised by the defendants and Siskiyou County Title Co. violated Government Code §66499.30 of the Subdivision Map Act.

25
26

PDF created with pdfFactory trial version www.pdffactory.com

18.     On or about June 6, 2007, Siskiyou County Title Company recorded a "Partial Reconveyance" releasing Units 5, 7 & 10B of the North View Estates subdivision. The recording of the partial reconveyance devised by the defendants and Siskiyou County Title Co. violated Government Code §66499.30 of the Subdivision Map Act.

19.     The Addendum and the Note required that YREKA HOLDINGS, II pay the entire remaining balance of principal and interest on before April 30, 2007. However, YREKA HOLDINGS, II could not make the payment by the due date.  Therefore, the parties negotiated a refinance and amendment to the original purchase terms.

20.     In order to refinance the remaining balance and provide an accommodation to YREKA HOLDINGS, II, Plaintiff executed an amended note ("Note 2").  A true and correct copy of Note 2 is attached hereto as Exhibit E.   Under Note 2, YREKA HOLDINGS, II was required to pay, on or before May 25, 2008, the principal balance of $1,195,250, and all interest accruing or accrued from May 25, 2007 to maturity.

21.     Additional consideration was provided by YREKA HOLDINGS, II:

a.     The interest rate was increased from 4% to 6% per annum from May 25, 2007 until paid; and

b.     Galpin and Adams agreed that "Discovery Street, located in properties released by Seller, will be completed by May 25, 2009 or within twelve (12) months after the date of filing of foreclosure, whichever occurs first."  This amendment to the Road Agreement did not relieve Galpin and Adams from their obligation to complete and build all the roads, other than Discovery Street, on or before April 30, 2007.

22.     As of the date of filing this Complaint, Defendants, and each of them, failed and refused to commence construction of roads under the Road Agreement, Note 1 and Note 2. Yreka Holdings failed to make the May 25, 2008 payment required under the Amended Note.

PDF created with pdfFactory trial version www.pdffactory.com

23. On July 11, 2008, Plaintiff sent a letter to defendants, advising them that they were in default, and making a demand for the total amount due.

24. Defendants have failed and refused to pay the amounts due under Note 2 and have further failed to construct the roads required under the Road Agreement. They are therefore in default under Note 2 and the Road Agreement.

**FIRST CAUSE OF ACTION**
**Judicial Foreclosure – Against YREKA HOLDINGS, II**

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein.

26. Plaintiff is a beneficiary under the North View Trust Deed, attached as Exhibit D.

27. The present record owner of the subject property is YREKA HOLDINGS, II. Yreka Holdings executed and delivered the North View Trust Deed. YREKA HOLDINGS, II is in default under the North View Trust Deed.

28. The exact amount remaining owning and unpaid by Yreka Holdings under the North View Trust Deed is $1,288,380.23 through September 10, 2008, plus interest in the amount of $196.47 per day.

29. Thus far, Plaintiff has been required to advance attorneys' fees in the amount of $61,085.00. The total attorneys' fees are expected to exceed that amount.

30. As a result of Defendants' default, Plaintiff is entitled to a judgment of this Court for foreclosure upon the real property as described in the North View Trust Deed. WHEREFORE, Plaintiff prays for relief as set forth hereinbelow.

**SECOND CAUSE OF ACTION**
**Breach of Contract (Road Agreement) – Against Galpin and Adams**

31. Plaintiff hereby incorporates by reference Paragraphs 1 through 30 above as though fully set forth herein.

PDF created with pdfFactory trial version www.pdffactory.com

32. Defendants Galpin and Adams have materially breached the Road Agreement. Plaintiff has performed all of the obligations to defendants except those obligations plaintiff was prevented or excused from performing.

33. It is estimated that construction of Discovery Street will cost $1,700,000 or more and that the additional roads will cost at least $1,000,000. Defendants Galpin's and Adams' breach of the Road Agreement has proximately caused injuries and damages to Plaintiff, in the amount of $2,700,000 or more, according to proof.

WHEREFORE, Plaintiff prays for relief as set forth hereinbelow.

### THIRD CAUSE OF ACTION
### Specific Performance (Road Agreement)
### – Against Galpin and Adams

34. Plaintiff hereby incorporates by reference Paragraphs 1 through 33 above as though fully set forth herein.

35. Plaintiff has no adequate remedy at law because the Road Agreement was a contract concerning the sale of real property, and pursuant to Civil Code section 3387 money damages are presumed inadequate for its breach.

36. Furthermore, the construction of the road and the value created thereby was a material inducement to North View to enter into the transaction. Plaintiff would be assured that if it provided adjacent parcels to Defendants, that the property retained by North View would have marketable value if and when Galpin and Adams performed construction of the roads within the subdivision. In the event, Galpin and Adams did not create separate parcels before they recorded parcel reconveyances, they violated the Subdivision Map Act.

37. The failure of Galpin and Adams to construct the roads as they agreed will cause irreparable harm to Plaintiffs. Plaintiffs have no other affordable or equivalent options. The roads must be constructed in order to preserve the value of the collateral and any adjacent

PDF created with pdfFactory trial version www.pdffactory.com

parcels. If Galpin and Adams are not compelled to complete and construct the roads as agreed, the value of the security for Plaintiffs' loan and the adjacent land will be diminished.

38.     Money damages would be inadequate. Plaintiffs are therefore entitled to a decree, specifically ordering Galpin and Adams to construct and complete the roads.

WHEREFORE, Plaintiff prays for relief as set forth hereinbelow.

### FOURTH CAUSE OF ACTION
### Breach of Contract (Fee Guaranty)
### – Against Galpin and Adams

39.     Plaintiff hereby incorporates by reference Paragraphs 1 through 38 above as though fully set forth herein.

40.     Defendants Galpin and Adams have failed to perform the work to create the separate parcels set forth in the relevant agreements. Defendants Galpin and Adams have further failed to pay the fees and costs associated with creating the parcels. Therefore, Galpin and Adams have breached the Fee Guaranty. Galpin and Adams have repudiated and committed an anticipatory breach of the Fee Guaranty by sending correspondence stating that they will not perform in accordance with any of their agreements.

41.     Plaintiff has performed all of the obligations to defendants except those obligations plaintiffs were prevented or excused from performing. As alleged above, Galpin and Adams have breached the Road Agreement.

42.     It is estimated that creation of the parcels and the fees associated with it will cost $100,000 or more. Defendants Galpin's and Adams' breach of the Fee Guaranty has proximately caused injuries and damages to Plaintiff, in the amount of $100,000 or more, according to proof.

WHEREFORE, Plaintiff prays for relief as set forth hereinbelow.

//

PDF created with pdfFactory trial version www.pdffactory.com

# FIFTH CAUSE OF ACTION
## Specific Performance (Fee Guaranty)
## – Against Galpin and Adams

43. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 above as though fully set forth herein.

44. Plaintiff has no adequate remedy at law because the Fee Guaranty was a contract concerning the sale of real property, and pursuant to Civil Code section 3387 money damages are presumed inadequate for its breach.

45. Furthermore, the creation of the separate parcels and the value created thereby was a material inducement to North View to enter into the transaction. Plaintiff would be assured that if it provided adjacent parcels to Defendants, that the property retained by North View would have marketable value if and when Galpin and Adams performed the work and paid for the creation of the separate parcels in the subdivision. In the event, Galpin and Adams did not create separate parcels before they recorded parcel reconveyances, they violated the Subdivision Map Act.

46. The failure of Galpin and Adams to perform the work and pay for the creation of the separate parcels in the subdivision as they agreed will cause irreparable harm to Plaintiffs. Plaintiffs have no other affordable or equivalent options. The separate parcels must be created in order to preserve the value of the collateral and any adjacent parcels. If Galpin and Adams are not compelled to complete and pay for the creation of separate parcels as agreed, the value of the security for Plaintiffs' loan and the adjacent land will be diminished.

47. Money damages would be inadequate. Plaintiffs are therefore entitled to a decree, specifically ordering Galpin and Adams to create and pay for the separate parcels as set forth in the Fee Guaranty.

PDF created with pdfFactory trial version www.pdffactory.com

WHEREFORE, Plaintiff prays for relief as set forth hereinbelow.

## SIXTH CAUSE OF ACTION
### Declaratory Relief
### – Against YREKA HOLDINGS, II

48. Plaintiff hereby incorporates by reference Paragraphs 1 through 47 above as though fully set forth herein.

49. An actual and present controversy exists between North View on the one hand and YREKA HOLDINGS, II, and other defendants one the other hand, with respect to the Addendum, Note 2 and the North View Trust Deed. On one hand, YREKA HOLDINGS, II and other defendants contend that it is entitled to retain all those portions of the property for which it has paid, and that those portions are not included in North View's collateral under the North View Trust Deed. On the other hand, North View contends that since Galpin, Adams and YREKA HOLDINGS, II and other defendants have failed to legally create separate the distinct parcels, that those portions of the property for which YREKA HOLDINGS, II and other defendants have paid should be included in the collateral under the North View Trust Deed.

50. A further actual and present controversy exists with respect to the North View Trust Deed. On the one hand, YREKA HOLDINGS, II and other defendants may contend that North View does not have a valid security interest in the collateral claimed by North View. On the other hand, North View claims that it does possess a valid security interest and collateral.

51. A further actual and present controversy exists with respect to the North View Trust Deed. On the one hand, YREKA HOLDINGS, II and other defendants will contend that the North View Trust Deed was a purchase money obligation and that no deficiency judgment is allowed. On the other hand, North View claims that it refinanced the transaction, which is a non-standard transaction, and that therefore North View should be entitled to a deficiency

PDF created with pdfFactory trial version www.pdffactory.com

judgment.

52.     Plaintiff desires a judicial determination of its rights and duties under the loan documents and a judicial declaration as to: (a) what property is within North View's collateral under the North View Trust Deed; (b) whether North View holds a valid security interest under the collateral set forth in the North View Trust Deed; and (c) whether the above-referenced transactions are purchase money in nature and whether a deficiency judgment is allowed thereunder.

53.     A judicial declaration is necessary and appropriate at this time in order that North View may foreclose on its collateral in accordance with applicable law.

WHEREFORE, Plaintiff prays for relief as set forth hereinbelow.

**SEVENTH CAUSE OF ACTION**
**Declaratory Relief**
**– Against Galpin and Adams**

54.     Plaintiff hereby incorporates by reference Paragraphs 1 through 53 above as though fully set forth herein.

55.     An actual and present controversy exists between North View on the one hand and Galpin and Adams on the other hand, with respect to the Road Agreement.  On one hand, Galpin and Adams contend that they are not yet required to construct the roads.  On the other hand, North View contends that Galpin and Adams were to have completed the roads already, and have breached the Road Agreement by not doing so.

56.     A further actual and present controversy exists between North View on the one hand and Galpin and Adams on the other hand, with respect to the Fee Guaranty. On the one hand, Galpin and Adams contend that they were not required to complete and pay for the creation of separate parcels.  On the other hand, North View claims that Galpin and Adams

PDF created with pdfFactory trial version www.pdffactory.com

should have already completed the creation of separate parcels and paid for all the fees associated therewith.

57. Plaintiff desires a judicial determination of its rights and duties under the Road Agreement and Fee Guaranty and a judicial declaration as to: (a) whether Galpin and Adams must have commenced and completed construction of the roads; and (b) whether Galpin and Adams were required to have created all the separate parcels and paid for the fees for said creation.

58. A judicial declaration is necessary and appropriate at this time in order that North View may determine the parties' respective rights, duties and obligations in accordance with applicable law.

WHEREFORE, Plaintiff prays for relief as set forth hereinbelow.

### EIGHTH CAUSE OF ACTION
### Declaratory Relief
### – Against Yreka Holdings, Galpin and Adams

59. Plaintiff hereby incorporates by reference Paragraphs 1 through 58 above as though fully set forth herein.

60. An actual and present controversy exists between North View on the one hand and Yreka Holdings, Galpin and Adams on the other hand, with respect to the Partial Reconveyances of Units 4, 5, 7, 10 & 10B of the North View Estates Subdivision. On one hand, Yreka Holdings, Galpin and Adams contend that the Partial Reconveyances devised by the defendants and Siskiyou County Title Co. are valid and/or are entitled to some force and legal effect. On the other hand, North View contends that Partial Reconveyances devised by the defendants and Siskiyou County Title Co. violate Government Code §66499.30 of the Subdivision Map Act and are thereby void and must be set aside.

PDF created with pdfFactory trial version www.pdffactory.com

61.     Plaintiff desires a judicial determination that the Partial Reconveyances of Units 4, 5, 7, 10 & 10B of the North View Estates Subdivision violate Government Code §66499.30 of the Subdivision Map Act and are thereby void and must be set aside.

62.     A judicial declaration is necessary and appropriate at this time in order that North View may determine the parties' respective rights, duties and obligations in accordance with applicable law.

WHEREFORE, Plaintiff prays for relief as set forth hereinbelow.

## **PRAYER**

Plaintiff prays for judgment as set forth below:

ON THE FIRST CAUSE OF ACTION

1.     For a judgment of foreclosure, that the security agreement be foreclosed, a sale ordered, proceeds applied, and defendant YREKA HOLDINGS, II's rights be terminated in accordance with the North View Trust Deed;

2.     For the principal amount of $1,195,250.00;

3.     The amount of interest accrued, in the amount of $93,130.23 through September 10, 2008, plus $196.47 per day thereafter;

4.     For attorneys' fees and costs of suit herein incurred; and

5.     For such other and further relief as the Court may deem just and proper.

ON THE SECOND CAUSE OF ACTION:

1.     For compensatory, actual, general, special, incidental and consequential damages in the amount of $2,700,000 or more, according to proof;

2.     For attorneys' fees and costs of suit herein incurred;

3.     For interest; and

4.     For such other and further relief as the Court may deem just and proper.

//

PDF created with pdfFactory trial version www.pdffactory.com

ON THE THIRD CAUSE OF ACTION:

    1.    For a decree, specifically ordering Galpin and Adams to construct and complete the roads as required under Note 1, the Addendum and Note 2;

    2.    For attorneys' fees and costs of suit herein incurred;

    3.    For such other and further relief as the Court may deem just and proper.

ON THE FOURTH CAUSE OF ACTION:

    1.    For compensatory, actual, general, special, incidental and consequential damages in the amount of $100,000 or more, according to proof;

    2.    For attorneys' fees and costs of suit herein incurred;

    3.    For interest; and

    4.    For such other and further relief as the Court may deem just and proper.

ON THE FIFTH CAUSE OF ACTION:

    1.    For a decree, specifically ordering Galpin and Adams to create separate parcels and pay all fees associated therewith;

    2.    For attorneys' fees and costs of suit herein incurred; and

    3.    For such other and further relief as the Court may deem just and proper.

ON THE SIXTH CAUSE OF ACTION:

    1.    A judicial determination of the parties' rights and duties under the loan documents and a judicial declaration as to: (a) what property is within North View's collateral under the North View Trust Deed; (b) whether North View holds a valid security interest under the collateral set forth in the North View Trust Deed; and (c) whether the above-referenced transactions are purchase money in nature and whether a deficiency judgment is allowed thereunder.

    2.    For attorneys' fees and costs of suit herein incurred; and

    3.    For such other and further relief as the Court may deem just and proper.

PDF created with pdfFactory trial version www.pdffactory.com

ON THE SEVENTH CAUSE OF ACTION:

1. A judicial determination of the parties' rights and duties under the Road Agreement and Fee Guaranty and a judicial declaration as to: (a) whether Galpin and Adams must have commenced and completed construction of the roads; and (b) whether Galpin and Adams were required to have created all the separate parcels and paid for the fees for said creation.

2. For attorneys' fees and costs of suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

ON THE EIGHTH CAUSE OF ACTION

1. A judicial determination that the Partial Reconveyances of Units Units 4, 5, 7, 10 & 10B of the North View Estates Subdivision, violate the Subdivision Map Act (Government Code §66499.30) and are thereby void and must be set aside.

2. For attorneys' fees and costs of suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

DATED: July 13, 2009     LAW OFFICES OF WALLACE C. DOOLITTLE

_____
Wallace C. Doolittle, Esq.
James P. Downs, Esq.
Attorneys for Plaintiff NORTH VIEW ESTATES, GP, a California General Partnership

PDF created with pdfFactory trial version www.pdffactory.com

**VERIFICATION**

**I, Richard Handley, am a general partner of plaintiff NORTH VIEW ESTATES, GP.**

**I have read the foregoing Supplemental Complaint and know the contents thereof. The matters set forth in the complaint above are true and correct of my own knowledge, except as to those matters that are therein stated on information and belief, and as to those matters, I believe them to be true.**

**I declare under penalty of perjury that the foregoing is true and correct**

**Executed in _____, California on July _____, 2009.**

_____
**Richard Handley**

PDF created with pdfFactory trial version www.pdffactory.com