IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORTH VIEW ESTATES, GP, a General Partnership,

    Plaintiff,

  v.

YREKA HOLDINGS, II, a Oregon Limited Partnership; CHRIS A. GALPIN, an individual; GREGG ADAMS, an individual, and DOES 1-50, inclusive,

    Defendants.
_____/

Case No. 2:08-cv-02230-JAM-GGH

<u>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

    This matter is before the Court on Defendants Yreka Holdings, II, Cris Galpin, and Gregg Adam's (collectively "Defendants") motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Doc. # 50.) Plaintiff North View Estates, GP ("Plaintiff") opposes the motion.  (Doc. # 71.)  For the reasons set forth below, Defendants' motion is DENIED.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court views the facts and draws inferences in the manner most favorable to Plaintiff as the non-moving party. This case concerns the sale and financing of 142 acres of real property, known as the North View Estates property, located in the City of Yreka. Plaintiff North View Estates was the original owner of the entire North View Estates Property. Plaintiff argues that by way of a Purchase Agreement and Addendum to the Purchase Agreement it sold to the Defendants the entire North View Estates property. Defendants assert the Purchase Agreement and Addendum violate the Subdivision Map Act and therefore are void. In the instant motion, Defendants move for partial summary judgment, alleging that the Court should enter judgment in favor of Defendants and against Plaintiff in both the First Amended Supplemental Counterclaim (hereinafter "Counterclaim")(Doc. # 28) and Plaintiff's Complaint (Doc. # 32).

On January 12, 2010, the Court held a hearing on this matter and on Plaintiff's cross motion for summary judgment on the first and second causes of action in the Counterclaim. (Doc. # 82.) The Court granted Plaintiff's cross motion for summary judgment for all the reasons set forth at the January 12, 2010 hearing and for the reasons detailed in Plaintiff's briefs describing why the statute of limitations precludes Defendants

2

from going forward on these twp affirmative causes of action. As such, the only issues presently before the Court are Defendants' motion for partial summary judgment on Defendants' third cause of action in the Counterclaim and Defendants' motion for partial summary judgment on all eight causes of action in Plaintiff's Complaint.

## II. OPINION

A.  Legal Standard

A motion for partial summary judgment is resolved under the same standard as a motion for summary judgment. See California v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims and defenses." Cleotex v. Catrett, 477 U.S. 317, 323-324 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by

affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing Celotex, 477 U.S. at 323). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]." Anderson, 477 U.S. at 252. This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.

B. Third Cause of Action in Defendants' Counterclaim

Defendants' third cause of action in the Counterclaim seeks a declaration that the sales of units 4, 5, 7, 10A and 10B are void. At the August 26, 2009 hearing, the Court declared such partial reconveyances void and granted Plaintiff's motion to set aside the recordation of partial reconveyances. See Doc. # 48. As such, Defendants' motion for summary judgment on their third

cause of action is moot.  As to any other relief Defendants are entitled to under this claim, Defendants failed to present sufficient evidence or argument on this issue in their summary judgment papers or at the hearing on their motion. Accordingly, the issue of what additional remedy, if any, Defendants are entitled to under their third cause of action is reserved for trial and Defendants' motion for partial summary judgment on the third cause of action in the Counterclaim is DENIED.

C. <u>Defendants' Motion for Partial Summary Judgment on Plaintiff's Complaint</u>

    Defendants seek summary judgment on all eight causes of action in Plaintiff's Complaint.  Defendants have not presented enough evidence to sustain their motion for summary judgment. Plaintiff also demonstrated in its Opposition brief (Doc. # 71) and at the January 12, 2010 hearing that there are genuine issues of material fact for trial.  The matter of what issues need to be tried is left for the parties to set forth in their joint pre-trial statement due January 20, 2010, and will be further discussed at the pretrial conference scheduled for

January 27, 2010.  As such, Defendants' motion for partial summary judgment on Plaintiff's Complaint is DENIED.

III. ORDER

For the reasons set forth above, Defendants' motion for partial summary judgment is DENIED.

IT IS SO ORDERED.

Dated: January 13, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE