IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH VIEW ESTATES, GP, a General Partnership, | Case No. 2:08-CV-02230-JAM-GGH |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AUGMENT EXPERT WITNESS DISCLOSURE AND REPORTS |
| v. | |
| YREKA HOLDINGS, II, an Oregon Limited Partnership; CHRIS A. GALPIN, an individual; GREGG ADAMS, an individual; PREMIER WEST BANK, a business entity, form unknown; and DOES 1-50, inclusive, | |
| Defendants. _____/ | |

This matter comes before the Court on Plaintiff North View Estates' ("Plaintiff") motion to augment expert witness disclosure and reports pursuant to Federal Rule of Civil Procedure 26.[1] (Doc # 105). Specifically, Plaintiff moves to

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

serve three supplemental expert witness reports and to disclose an additional expert witness. Defendants oppose Plaintiff's motion. (Doc # 129).

Federal Rule of Civil Procedure 26(a)(2) prescribes disclosure requirements for expert witnesses, and rule 26(e)(1)(A) governs supplementing disclosures and responses. Fed. R. Civ. P. 26. A party is required to supplement a rule 26(a) disclosure "in a timely manner if the party learns that in some material respect the disclosure [] is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other part[y] . . . ." Id. 26(e)(1)(A). However, a party may not use a supplement to extend the discovery deadline and introduce new opinion, e.g., City of Grass Valley v. Newmont Mining Corp., 2007 WL 210516 at *2 (E.D. Cal., Jan. 26, 2007), nor may a party simply use an existing expert's disclosure "as a placeholder to spring a 'supplemental opinion' in the eleventh hour." White v. Cinemark USA, Inc., 2005 WL 1865495 at *3 (E.D. Cal., Aug. 3, 2005) (citing Keener v. United States, 181 F.R.D. 639, 641 (D.Mont.1998)). Finally, a party "*must* make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C) (emphasis added).

The Court's December 4, 2008, scheduling order required the Plaintiff to make all expert witness disclosures by March 6, 2009, and supplemental disclosures no later than March 20, 2009. The Court warned that failure to comply with those deadlines would preclude the party from calling the expert witness, absent a showing that the necessity for the witness could not have been reasonably anticipated and that the failure to make a timely disclosure did not prejudice any other party. Plaintiff has not made the requisite showing as to James Bray; accordingly, Plaintiff's motion to disclose an additional expert witness is DENIED. Plaintiff has also failed to demonstrate it was diligent in complying with the disclosure requirements as to the three previously disclosed expert witnesses, see Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992), as Plaintiff had ample time to adequately prepare its expert reports. Accordingly, Plaintiff's motion to serve three supplemental expert witness reports is DENIED.

IT IS SO ORDERED.

Dated: May 19, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3